## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH MICHAEL DEVON ENGEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20-CV-1898-HEA |
| | ) | |
| RELIGIOUS SERVICES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon review of a civil complaint filed by Missouri State prisoner Joseph Michael Devon Engel, registration number 1069055. For the reasons explained below, the Court will allow plaintiff to proceed *in forma pauperis* in this action, and will assess an initial partial filing fee of $5.42. Additionally, the Court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

At the time he filed the complaint, plaintiff neither paid the filing fee nor filed a motion for leave to proceed *in forma pauperis*. However, in the complaint, he writes: "Application to Proceed in District Court without Prepaying Fees or Costs," and he avers he earns only $5.00 per month. After filing the complaint, plaintiff filed a certified copy of his inmate account statement. The Court liberally construes plaintiff's statements in the complaint, along with his submission of a certified inmate account statement, as a request for leave to proceed without prepaying fees or costs, or in other words, to proceed *in forma pauperis*. Having considered plaintiff's statements, the Court has determined to allow him to proceed *in forma pauperis* in this action.

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his

prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.* In this case, plaintiff's certified inmate account statement shows average monthly deposits of $27.10, and an average monthly balance of $8.77. Accordingly, the Court will assess an initial partial filing fee of $5.42, which is twenty percent of his average monthly deposits.

## Legal Standard

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," or when the claims rely on "clearly baseless" factual allegations. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). "Clearly baseless" factual allegations include those that are "fanciful," "fantastic," and "delusional." *Id.* at 32-33 (quoting *Neitzke*, 490 U.S. at 325, 327). "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33.

2

An action is malicious when it is undertaken for the purpose of harassing the named defendants rather than vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D. N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987). An action can also be considered malicious if it is part of a longstanding pattern of abusive and repetitious lawsuits. *In re Billy Roy Tyler*, 839 F.2d 1290, 1293 (8th Cir. 1988) (per curiam). When determining whether an action is malicious, the Court need not consider only the complaint before it, but may consider the plaintiff's other litigious conduct. *Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996).

A complaint fails to state a claim upon which relief may be granted if it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

### The Complaint

Plaintiff repeatedly identifies himself as a sovereign citizen, and he avers he is a civilly-committed detainee. However, review of publicly-available records shows he is actually a convicted and sentenced State prisoner. The complaint is handwritten on notebook paper, but it includes a case caption that includes the name of this Court, plaintiff's name and his averment he intends to sue 35 defendants, and the case number. The second page of the complaint lists the 35

defendants referenced in the caption. Plaintiff titled the complaint "Prisoner Civil Rights Complient [*sic*] Under 42 U.S.C. 1983." (ECF No. 1 at 1).

It is clear plaintiff intends to sue the Missouri Department of Corrections ("MDOC") and the Eastern Reception, Diagnostic and Correctional Center ("ERDCC"), along with numerous prison officials. It is also clear plaintiff intends to sue Corizon, and numerous employees thereof. Plaintiff identifies five individual defendants by name, and identifies the others using generic titles such as "CO1," "Chaplain," "Lieutenant," "CCA," "Corizon LPN," and "Corizon Nurse Practitioner." *Id.* at 2. Also named as defendants are "Govener," "Lt. Govener," "Att General," and "Assist Att General." Plaintiff indicates he sues the defendants in their official and individual capacities.

Plaintiff's statement of claim is stated in its entirety as follows:

> This is in Regards to my Astru/Odinism/Catholicism Religious diet that MODOC and ERDCC still denys [*sic*] me I'm a sourvin Citizn [*sic*] we have sentive digistive [*sic*] system We are healers Fighters and State of Missouri keeps deny me [*sic*] my Religious Diet.

*Id.* at 2. Plaintiff identifies his injuries as "Pscy [*sic*] Medical, Religious, Freedom." *Id.* at 1. He seeks monetary relief from each defendant in an amount written next to the defendant's name or title. Those amounts range from "75 Billion" dollars to "100 Trillion" dollars. *Id.* at 2. Plaintiff also seeks "10,000,000 stocks" in the United States and certain foreign countries; commodities such as oil, lead and coal; certain financial services corporations and cellular telephone companies, and "All Banks in All Countries." *Id.*

The complaint is one of more than one hundred and thirty (130) similar complaints plaintiff has filed in this Court since September of 2020, alleging that his civil rights have been violated by the MDOC and its facilities and employees, State political leaders, and Corizon and its employees. Plaintiff typically identifies the individual defendants using the same or similar generic titles that appear in the instant complaint, and the nature of his claims and his demands

4

for relief are roughly the same. To date, the complaints that have been reviewed pursuant to 28 U.S.C. § 1915(e)(2) have been dismissed for reasons articulated therein, or because plaintiff failed to comply with court orders. For complaints filed on or after December 22, 2020, plaintiff is subject to 28 U.S.C. § 1915(g).

## Discussion

Plaintiff can be understood to seek monetary relief because he believes he was wrongfully denied accommodations related to his religious needs. The First Amendment's Free Exercise Clause prevents prison officials from substantially burdening a prisoner's sincerely held religious belief. U.S. CONST. amend. I. When addressing a First Amendment claim, courts consider "the threshold issue of whether the challenged governmental action infringes upon a sincerely held religious belief." *Gladson v. Iowa Dep't of Corrections*, 551 F.3d 825, 831 (8th Cir. 2009). Prisoners are also protected by the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). *See* 42 U.S.C. §§ 2000cc *et seq.* The RLUIPA requires a prisoner to show, as a threshold matter, a substantial burden on his ability to exercise his religion. *Gladson,* 551 F.3d at 832.

In the case at bar, plaintiff can be understood to claim he was denied an unspecified diet related to his religious needs. However, he alleges no factual assertions permitting the inference that any government action actually infringed upon his religious belief, or substantially burdened his ability to exercise his religion. Instead, plaintiff offers only the "[t]hreadbare recital" of a claim that is supported by his own conclusory statements, which this Court is not required to accept as true. *Iqbal,* 556 U.S. at 678. *See Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002) ("While the court must accept allegations of fact as true . . . the court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations"); *see also Torti v. Hoag*, 868 F.3d 666, 671

5

(8th Cir. 2017) ("Courts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level").

The Court therefore concludes the complaint fails to state a plausible First Amendment or RLUIPA claim. Even self-represented plaintiffs are required to allege facts in support of their claims, and the Court will not assume facts that are not alleged. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). To the extent plaintiff can be understood to claim he is entitled to different treatment because he is a "sovereign citizen," his claim is frivolous. Arguments based upon sovereign citizen ideology have been summarily rejected as frivolous and irrational in the Eighth Circuit and in other federal courts around the nation. *See United States v. Hart*, 701 F.2d 749, 750 (8th Cir. 1983) (rejecting a jurisdictional challenge based upon the defendant's argument he was a sovereign citizen); *United States v. Sterling,* 738 F.3d 228, 233 n. 1 (11th Cir. 2013); *United States v. Benabe*, 654 F.3d 753, 761-67 (7th Cir. 2011) (describing the conduct of a "sovereign citizen" and collecting cases rejecting the group's claims as frivolous, and recommending that "sovereign citizen" arguments "be rejected summarily, however they are presented.").

The complaint suffers from other deficiencies. First, plaintiff's claims against the MDOC and the ERDCC are effectively claims against the State of Missouri. "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). However, the State of Missouri and its agencies are not "persons" within the meaning of § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989), *Alsbrook v. City of Maumelle,* 184 F.3d 999, 1010 (8th Cir. 1999). Additionally, the "Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court." *Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018). *See*

*also Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 618-19 (8th Cir. 1995) ("Generally, in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment"). The Eleventh Amendment bars suit against a state or its agencies for any kind of relief, not merely monetary damages. *Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007) (stating that district court erred in allowing the plaintiff to proceed against state university for injunctive relief, and remanding matter to district court for dismissal).

There are two "well-established exceptions" to Eleventh Amendment immunity. *Barnes v. State of Missouri*, 960 F.2d 63, 64 (8th Cir. 1992). The first is "where Congress has statutorily abrogated such immunity by 'clear and unmistakable language.'" *Id.* The second is where a State waives its immunity, but "only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." *Id.* at 65. However, neither exception applies here. The first exception is inapplicable because the Supreme Court has determined that § 1983 does not abrogate a state's Eleventh Amendment immunity from suit in federal court. *Will*, 491 U.S. at 66 and *Quern v. Jordan*, 440 U.S. 332, 341 (1979). The second exception is inapplicable because plaintiff has not alleged, nor is it apparent, that the State of Missouri has waived its sovereign immunity in this type of case. *See* Mo. Rev. Stat. § 537.600 (explaining that sovereign immunity is in effect and providing exceptions). Finally, the RLUIPA does not authorize plaintiff to file a claim for monetary relief against the State of Missouri, or against its agencies or employees in their official capacities. *See Sossamon v. Texas,* 563 U.S. 277 (2011).

Plaintiff has also named Corizon as a defendant in this matter. Corizon is the private corporation that provides medical services to prisoners at the ERDCC. Plaintiff does not allege, nor is it apparent, that Corizon has any involvement in providing dietary or other

7

accommodations related to any prisoner's religious needs. Even if plaintiff had so alleged, the complaint would not state a claim upon which relief may be granted against Corizon because it contains no allegations that a Corizon policy, custom, or official action inflicted an actionable injury. *See Johnson v. Hamilton,* 452 F.3d 967, 973 (8th Cir. 2006); *Sanders v. Sears, Roebuck & Co.*, 984 F.2d 975-76 (8th Cir. 1993) (A corporation acting under color of state law will only be held liable where there is a policy, custom or action by those who represent official policy that inflicts an injury actionable under § 1983.").

Plaintiff also seeks monetary relief from numerous individuals he identifies using only generic titles. Generally, fictitious parties may not be named as defendants in a civil action. *Phelps v. United States*, 15 F.3d 735, 739 (8th Cir. 1994). An action may proceed against a party whose name is unknown, however, if the complaint makes sufficiently specific allegations to permit identification of the party after reasonable discovery. *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985). Here, plaintiff has made no specific factual allegations regarding any of the individual defendants identified by generic titles, such that their identities could be ascertained after reasonable discovery. This action therefore cannot proceed against the fictitious defendants. *See Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995) (suit naming "various other John Does to be named when identified" not permissible).

Additionally, to the extent any of the individual defendants identified by name or generic title are Corizon employees sued in their official capacities, the complaint does not state a claim upon which relief may be granted because it contains no allegations that a Corizon policy or custom was responsible for the alleged constitutional violations. *See Monell v. Dept. of Social Services of City of New York,* 436 U.S. 658, 690-91 (1978). To the extent any of the individual defendants identified by name or generic title are employees or officials of the State of Missouri sued in their official capacities, the complaint fails to state a claim upon which relief may be

granted because they are not "persons" that can be sued under § 1983. They are also immune. Official capacity claims against such individuals are actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent"). As such, official capacity claims against employees or officials of the State of Missouri are actually claims against the State itself. However, as noted above, the State is not a "person" under § 1983. *See Will*, 491 U.S. at 71 (asserting that "neither a State nor its officials acting in their official capacity are 'persons' under § 1983"). Furthermore, "[a] claim for damages against a state employee in his official capacity is barred under the Eleventh Amendment." *See Andrus ex rel. Andrus v. Arkansas*, 197 F.3d 953, 955 (8th Cir. 1999).

The complaint also fails to state a claim upon which relief may be granted against any individual defendant in his or her individual capacity. Liability in a § 1983 case is personal, *Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017), and a defendant can be held liable only for his or her own misconduct. *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). As such, § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights." *See Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (quoting *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)). To that end, a plaintiff must allege facts connecting the defendant to the challenged conduct. *See Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019).

Here, plaintiff has alleged no facts permitting the inference that any individual defendant did or failed to do anything that amounted to a violation of any of his federally-protected rights.

Indeed, the only specific information plaintiff provides regarding each individual defendant is the amount of money he seeks. Simply listing a person as a defendant is insufficient to establish his or her personal responsibility. *See Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993) (agreeing with district court dismissal of two defendants who were named as defendants in the complaint, but who had no factual allegations made against them).

It also appears this action is subject to dismissal because it is frivolous. Plaintiff bases his entitlement to relief, at least in part, on his alleged status as a sovereign citizen, and his asserted entitlement to "10,000,000 stocks" in various countries, commodities, and companies along with hundreds of trillions of dollars in damages is not grounded in reality. The Court therefore concludes that plaintiff's assertions and demands rise to the level of the irrational or the wholly incredible, and are "clearly baseless" under the standard articulated in *Denton*, 504 U.S. 25.

Finally, it appears this action is subject to dismissal because it is malicious. As noted above, this action is one of over one hundred and thirty (130) duplicative and meritless actions plaintiff has recently filed in this Court against the defendants named in the complaint, along with other State officials and private corporations. In those actions, plaintiff often identified the individual defendants using many of the generic titles that appear in the instant complaint. Plaintiff submitted the pleadings in bulk, and specified he intended each set of pleadings to be docketed as an individual civil action. It therefore appears this action is part of a pattern of abusive and repetitious lawsuits filed for the purpose of harassment, not for the legitimate purpose of vindicating a cognizable right. *See Spencer*, 656 F. Supp. at 461-63 (an action is malicious when it is undertaken for the purpose of harassing the named defendants rather than vindicating a cognizable right). *See also In re Tyler*, 839 F.2d at 1293 (an action can be considered malicious if it is part of a longstanding pattern of abusive and repetitious lawsuits), *Cochran*, 73 F.3d at 1316 (When determining whether an action is malicious, the Court need not

10

consider only the complaint before it, but may consider the plaintiff's other litigious conduct).

For all of the foregoing reasons, the complaint is subject to dismissal. In consideration of plaintiff's abusive litigation practices and the manner in which he prepared the instant complaint, the Court concludes it would be futile to direct him to file an amended complaint in this action. Therefore, the Court will dismiss this action at this time pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff may proceed *in forma pauperis* in this action..

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $5.42 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 5th day of  May, 2021.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE